896 F.2d 547
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Woodrow Wilson MILES, Defendant-Appellant.
 No. 88-5681.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 11, 1989.
Decided: Feb. 7, 1990.
Rehearing and Rehearing In Banc Denied April 25, 1990.
 
 Joseph Ryland Winston, on brief, for appellant.
 Henry E. Hudson, United States Attorney; Stephen Wiley Miller, Assistant United States Attorney, on brief, for appellee.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Woodrow Wilson Miles appeals from his conviction of and sentencing on numerous counts arising out of a conspiracy to transfer firearms illegally from Virginia to New York. We deny the government's motion to supplement the joint appendix. Having reviewed the briefs of the parties and the record below, we affirm the decision of the district court.
 
 
 2
 * The government's version of the facts, for which evidence was presented at trial, is the following. Miles was a resident of New York. He obtained a false social security number and used it to obtain a Virginia driver's license under the name "Wilson Miles." He obtained a second Virginia driver's license using his valid social security number and his full name "Woodrow Wilson Miles." The Virginia addresses given for the licenses were those of Miles's brother, Jerry Miles, and his brother's girlfriend, Harriet Farris; Miles was never a resident at either address. Using the Virginia licenses, Miles on several occasions represented to a Virginia gun dealership that he was a resident of Virginia in order to be able to purchase firearms there. After a few months, Miles recruited Jerry Miles, Harriet Farris, and another individual, Nathaniel Collins, to purchase the firearms. From New York, Miles wired money to his brother, and Jerry Miles, Farris or Collins used the money to purchase firearms in Virginia. Jerry Miles then shipped the firearms via a common carrier to Miles in New York, where they were distributed to narcotics traffickers.
 
 
 3
 A forty-four count indictment was handed down against Miles, Jerry Miles, Farris, and Collins. Miles pleaded guilty to seven counts of using a fraudulently obtained social security number, and one count of obliteration of serial numbers was dismissed. He was tried by jury and convicted of the remaining charges against him: one count of conspiracy to transfer firearms unlawfully to a resident of another state; five counts of transferring firearms to a resident of another state in violation of 18 U.S.C. Secs. 922(a)(5) and 2; five counts of interstate shipment of firearms via a common carrier in violation of 18 U.S.C. Secs. 922(e) and 2; and eight counts of making false material statements to a firearms dealer in violation of 18 U.S.C. Sec. 922(a)(6). Miles contends on appeal that he could not be convicted of both conspiracy to transfer firearms and the substantive offense; that there was insufficient evidence to establish the residency elements and to prove he falsely represented his residence; and that the district court incorrectly applied the Sentencing Guidelines in several respects.
 
 II
 
 4
 Miles asserts it was error to convict him of both conspiracy and the object offense of transferring firearms to a resident of another state. He invokes Wharton's Rule[1] and the Blockburger test,[2] asserting the conspiracy and the substantive offense were essentially one. Miles did not raise this issue below. The usual rule is that this court will not decide an issue not presented to the trial court unless fundamental fairness dictates otherwise. United States v. Mebane, 839 F.2d 230, 232 (4th Cir.1988); Furka v. Great Lakes Dredge & Dock Co., 755 F.2d 1085, 1089 (4th Cir.), cert. denied, 474 U.S. 846 (1985). We perceive no risk of violating fundamental fairness by refusing to deviate from the usual rule here. Even were we to reach the issue, we do not believe it has merit. See Iannelli v. United States, 420 U.S. 770 (1975); United States v. Walker, 796 F.2d 43, 46-47 (4th Cir.1986).
 
 
 5
 Miles also argues that even if it were proper to convict on both the conspiracy and substantive offense counts, it was error for the court to make his sentences for the substantive counts (which were pre-Guidelines) consecutive to the conspiracy count sentence (which was a Guidelines sentence). Again, this argument was waived by failure to raise it below, and it is also without merit. Except for the very few Wharton Rule exceptions, conspiracy to commit an offense and commission of the offense are separate and independent crimes warranting separate sentences. Ianelli, 420 U.S. at 777-78.[3]
 
 III
 
 6
 Miles asserts that the evidence at trial was insufficient to establish that he was not a resident of Virginia and that Jerry Miles was,[4] and that the evidence was insufficient to prove Miles made false statements as to his residence when purchasing firearms. Reviewing the record in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942), we find these contentions to be without merit.
 
 IV
 
 7
 Miles challenges the district court's application of the Sentencing Guidelines in several respects. Again, three of these are issues which were not raised below. However, because the Guidelines are a relatively mechanical set of rules, incorrect application of those rules would be plain error which this court can review for the first time on appeal. Furka, 755 F.2d at 1089.
 
 
 8
 The conspiracy of which Miles was convicted straddled the effective date of the Guidelines (November 1, 1987). The total number of weapons involved in the conspiracy was used to enhance the sentence on this count. Miles contends that only the number of weapons involved after the effective date should have been considered; that is, he objects that his sentence was doubly-enhanced by first sentencing him on the pre-Guidelines counts of illegal transfer of weapons and then again counting those weapons to enhance the conspiracy sentence. The conspiracy, however, was a separate crime from the substantive pre-Guidelines offenses. Since it was appropriate to apply the Guidelines to the conspiracy count, United States v. White, 869 F.2d 822, 826 (5th Cir.), cert. denied, 109 S.Ct. 3172 (1989), it was appropriate to count all weapons involved in the conspiracy.
 
 
 9
 Miles challenges enhancement of his sentence by four levels under U.S.S.G. Sec. 3B1.1(a). The record supports a finding that Miles was the organizer of the arms transfer activity, and that the activity was sufficient to be considered "extensive" as defined by Sec. 3B1.1 Application Note 2. Thus we find no error in application of this Guidelines section.
 
 
 10
 Miles contends it was error not to group his conspiracy count with the seven other Guidelines counts pursuant to U.S.S.G. Sec. 3D1.2(c). The seven substantive counts were for unlawful shipment of arms via a common carrier and for making false statements in connection with the purchase of firearms. These substantive offenses were not necessary to implementation of a conspiracy to transfer firearms. The district court thus did not err in not grouping those counts with the conspiracy count.
 
 
 11
 Miles's final contention relates to enhancement of his sentence under U.S.S.G. Sec. 2K2.3(b)(2)(A):[5] "If the defendant knew or had reason to believe that a purchaser was a person prohibited by federal law from owning the firearm, increase by 2 levels." The record reveals that, in the proceedings below, Miles conditionally objected to application of this section and then withdrew the objection. We will not review an issue which the appellant has knowingly and specifically declined to argue to the trial court.
 
 V
 
 12
 We affirm the district court on all issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 An appellation derived from 2 F. Wharton, Criminal Law Sec. 1604, at 1862 (12th ed. 1932). Wharton's Rule states that when a crime necessarily requires participation of two persons for its commission, e.g., adultery, then the agreement of two persons to commit the crime can not be prosecuted as a conspiracy
 
 
 [2]
 "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932)
 
 
 [3]
 Even under the Sentencing Guidelines, which call for a conspiracy and its object offense to be grouped together, where there is a conspiracy to commit several offenses, each offense is grouped separately with the conspiracy. United States Sentencing Commission, Guidelines Manual, Sec. 3D1.2, Application Note 9 (Oct. 1988); see also U.S.S.G. Sec. 1B1.2(d) & App. C p 240 (Nov.1989)
 
 
 [4]
 Miles was convicted of aiding and abetting Jerry Miles, a Virginia resident, in transferring arms to Miles, who was not a Virginia resident
 
 
 [5]
 See the October 1988 version of the Guidelines. Since then, Secs. 2K2.2 and 2K2.3 have been deleted and replaced by a new Sec. 2K2.2. U.S.S.G.App. C p 189 (Nov.1989)